**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Laura K. Conroy, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel (609) 514-5956
Fax (609) 951-0824

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JPMORGAN CHASE BANK, AS TRUSTEE, FOR CERTIFICATEHOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-AR1,<br><br>         Plaintiff,<br><br>    v.<br><br>PETER J. CRESCI; MRS. PETER J. CRESCI, HIS WIFE; JENNIFER L. CRESCI; MR. CRESCI, HER HUSBAND; STATE OF NEW JERSEY,<br><br>         Defendant. | Civil Action No. 2:17-cv-09508-KM-MAH<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>*Motion Returnable:*<br>*December 18, 2017* |

_____

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

_____

Case 2:17-cv-09508-KM-MAH   Document 7-1   Filed 11/22/17   Page 2 of 15 PageID: 84

## **TABLE OF CONTENTS**

Page

I. DEFENDANTS' ATTEMPTED "REMOVAL" OF THE FORECLOSURE ACTION IS UNTIMELY. ...................................................3

II. EVEN IF THE "NOTICE OF REMOVAL" WAS TIMELY, DEFENDANTS ARE NOT ENTITLED TO REMOVAL WHERE, AS HERE, THERE ARE MULTIPLE DEFECTS IN THE REMOVAL ..............................................................................................................5

    A. There Are No Federal Claims Asserted in the Complaint. ...................6

    B. Defendants Cannot Use a Counterclaim to Create Federal Question Jurisdiction. ..............................................................................8

III. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH THIS MOTION TO REMAND ................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

American Fire & Casualty Co. v. Finn,
  341 U.S. 6 (1951)..................................................................................................7

The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, as Trustee, for Certificateholders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2004-AR1 v. Cresci, et al.,
  Docket No.: F-14425-17, Superior Court of New Jersey, Chancery Division, Hudson County ......................................................................................1

Boyer v. Snap-on Tools Corp.,
  913 F.2d 108 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed2d 1046 (1991)...............................................................................3, 5

Carroll v. United Air Lines, Inc.,
  7 F.Supp.2d 516 (D.N.J. 1998)...........................................................................5, 8

Caterpillar, Inc. v. Williams,
  482 U.S. 386 (1987)................................................................................................7

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
  463 U.S. 1 (1983)....................................................................................................7

Galvanek v. AT&T, Inc.,
  2007 WL 3256701 (D.N.J. Nov. 4, 2007) .............................................................4

Gully v. First Nat'l Bank,
  299 U.S. 109 (1936)................................................................................................7

Guth v. Frederick,
  2010 WL 2179028 (D.N.J. May 27, 2010)............................................................5

Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,
  535 U.S. 826 (2002)................................................................................................8

Louisville & Nashville R.R. v. Mottley,
  211 U.S. 149 (1908)................................................................................................7

Martin v. Franklin Capital Corp,
    546 U.S. 132 (2005) ...................................................................................................... 9

Mints v. Educ. Testing Serv.,
    99 F.3d 1253 (3d Cir. 1996) ......................................................................................... 9

New Jersey State AFL-CIO v. New Jersey,
    747 F.2d 891 (3d Cir. 1984) ......................................................................................... 7

Orlick v. J.D. Carton & Son, Inc.,
    144 F.Supp.2d 337 (D.N.J. 2001) ................................................................................ 3

In Re Plavix Product Liability and Marketing Litigation,
    2014 WL 4954654 (D.N.J. Oct. 1, 2014) .................................................................... 3

Samuel-Bassett v. Kia Motors America, Inc.,
    357 F.3d 392 (3d Cir. 2004) ..................................................................................... 5, 6

Shapiro v. Middlesex County Municipal Joint Insurance Fund,
    930 F.Supp. 1028 (D.N.J. 1996) ............................................................................. 6, 7

Syngenta Crop Protection, Inc. v. Henson,
    537 U.S. 28, 123 S.Ct. 366 (2002) .............................................................................. 8

United Jersey Banks v. Parell,
    783 F.2d 360 (3d Cir.), cert. denied sub nom., First Fidelity
    Bancorporation v. Parell, 476 U.S. 1170 (1986) ........................................................ 7

Ventures Trust 2013 I-H-R by MCM Capital Partners, LLC v. Pinto,
    2017 WL 1251030 (D.N.J. March 17, 2017) .............................................................. 4

**Statutes**

28 U.S.C. § 1441 ................................................................................................................. 6

28 U.S.C. § 1447(c) ............................................................................................................ 9

**PRELIMINARY STATEMENT**

Plaintiff, The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, as Trustee, for Certificateholders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2004-AR1 ("BNYM" or "Plaintiff") respectfully requests that this Court remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447 because this Court lacks jurisdiction over this garden-variety foreclosure suit.

BNYM originally brought this action for mortgage foreclosure in state court against Defendants Peter Cresci and Jennifer Cresci ("Defendants"). The state court matter is captioned <u>The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, as Trustee, for Certificateholders of Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2004-AR1 v. Cresci, et al.</u>, Docket No.: F-14425-17, Superior Court of New Jersey, Chancery Division, Hudson County (the "Foreclosure Action"). As a means of attempting to delay the foreclosure, Defendants served BNYM with a Notice of Removal on or about October 26, 2017, based upon alleged federal question jurisdiction. There is no federal question in this matter and this case should be remanded.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On March 19, 2004, Defendants executed a Note to M.L. Moscowitz & Co., Inc. d/b/a Equity Now in the sum of $360,000. *See Certification of Laura K. Conroy, Esq.* ("*Conroy Cert.*") *Ex. A*, *Compl.* ¶ 1. That same day, to secure the payment of the Note, Defendants executed a Mortgage to M.L. Moscowitz & Co., Inc. d/b/a Equity Now, against the property located at 830 Avenue A a/k/a 828-30 Avenue A, Bayonne, NJ 07002-1937. *Id.* at ¶¶ 2-3. The Mortgage was assigned to Plaintiff on March 24, 2004. *Id.* at ¶ 2.

Defendants failed to make the installment payment due on December 1, 2016, and all payments becoming due thereafter. *Id.* at ¶ 8. Under the terms of the Note and Mortgage, Defendants are in default. *Id.* As a result of the default, Plaintiff filed the Complaint in the Foreclosure Action on June 9, 2017.

Plaintiff served Defendants with the Summons and Complaint on June 15, 2017. *Conroy Cert., Ex. B*. Defendants failed to timely respond to the Summons and Complaint and Plaintif filed a Request for Default on September 19, 2017. *Id.* Subsequently, default was entered against Defendants. *Id.* On October 5, 2017, the Parties submitted a Consent Order to the state court, to vacate the default and give the Defendants an extension of time to answer the Complaint. *Conroy Cert., Ex. C*. The Honorable Barry P. Sarkisian, P.J.Ch. entered the Consent Order on October 12, 2017. *Conroy Cert., Ex. D*. Pursuant to the Consent Order, Defendants had until October 26, 2017 to answer the Complaint. *Id.* The Consent

Order did not extend their time to seek removal, nor could it. *Id.* Defendants' assertion that Plaintiff consented to removal is patently false.

On October 26, 2017, Defendants served the Notice of Removal to the United States District Court for the District of New Jersey. *Conroy Cert., Ex. E.*

Plaintiff now submits this Motion to Remand on the grounds that no federal question has been raised and Defendants failed to timely remove the Foreclosure Action – even if removal was proper. Plaintiff respectfully requests that this Court remand the matter to state court and award Plaintiff all costs and attorneys' fees incurred in drafting and filing this Motion to Remand.

## LEGAL ARGUMENT

In a removal action, a "defendant seeking to remove bears the burden of showing that federal subject matter jurisdiction exists; that removal was timely filed; and that the removal was proper." In Re Plavix Product Liability and Marketing Litigation, 2014 WL 4954654 at *2 (D.N.J. Oct. 1, 2014) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed2d 1046 (1991). Defendants cannot meet their burden to establish any of the required elements for removal.

**I.   DEFENDANTS' ATTEMPTED "REMOVAL" OF THE FORECLOSURE ACTION IS UNTIMELY.**

Pursuant to 28 U.S.C. § 1446(b), a defendant "seeking removal of an action initiated in state court must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant." Orlick v. J.D. Carton

& Son, Inc., 144 F.Supp.2d 337, 340-341 (D.N.J. 2001).  The thirty-day time limit is "'mandatory' and the Court cannot extend it."  <u>Ventures Trust 2013 I-H-R by MCM Capital Partners, LLC v. Pinto</u>, 2017 WL 1251030 at *3 (D.N.J. March 17, 2017) (citing <u>Galvanek v. AT&T, Inc.</u>, 2007 WL 3256701 at *2 (D.N.J. Nov. 4, 2007)).  "Failure to remove within the prescribed period requires remand, provided the procedural defect is raised within 30 days of removal." <u>Id</u>.

 Here, Defendants are attempting to remove the Foreclosure Action over four months after they were served with the Summons and Complaint.  *Conroy Cert., Ex. B*.  Defendants were served on June 15, 2017, therefore any removal was required to be initiated ***no later than July 15, 2017.***[1]  Though the Parties executed a Consent Order extending time for the Defendants to respond to the Complaint, the Consent Order did not (and could not) toll the time for Defendants to remove.  Defendant's "Notice of Removal" was filed with the state court on October 26, 2017, over three months after their time to remove ran out.  Notwithstanding Defendants' meritless arguments supporting their "Notice of Removal," the time to remove the matter to this Court has long since expired.  Accordingly, because this Motion Remand is filed within the required thirty-day time period, this Court must remand the matter to state court as the "Notice of Removal" is procedurally defective.

---

[1] Though Defendants are representing themselves, Defendant Peter Cresci is an attorney admitted to practice in this Court. As such, he is familiar with the deadlines set forth in the Federal Rules of Civil Procedure.

## II. EVEN IF THE "NOTICE OF REMOVAL" WAS TIMELY, DEFENDANTS ARE NOT ENTITLED TO REMOVAL WHERE, AS HERE, THERE ARE MULTIPLE DEFECTS IN THE REMOVAL.

Under 28 U.S.C. § 1447(c), a plaintiff may make a Motion to Remand after another party has improperly removed the case from state court to federal court if the federal court lacks jurisdiction over the case. Guth v. Frederick, 2010 WL 2179028 at *1 (D.N.J. May 27, 2010) (discussing remand where the district court lacks jurisdiction). Specifically, 28 U.S.C. § 1447(c) provides that, "*If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case* **shall be remanded**." Id. (emphasis added).

On a Motion to Remand, the defendant has the burden of demonstrating the basis for the removal and thus the Court's jurisdiction. Carroll v. United Air Lines, Inc., 7 F.Supp.2d 516, 519 (D.N.J. 1998) ("When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal.") (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); Guth, supra, 2010 WL 2179028 at *1 ("The removing party bears the burden of establishing the court's jurisdiction.") (citing Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court.")). Furthermore, the federal removal statute is "to be strictly construed against removal." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Ci r. 2004) (citing Boyer v. Snap-on Tools Corp., 913

F.2d 108, 111 (3d Cir.1990)). Any doubts regarding removal are resolved in favor of remand. Id.

Here, removal is improper because there is no federal question and this Court does not have subject matter jurisdiction. Therefore, removal is defective and the Foreclosure Action must be remanded.

### A. There Are No Federal Claims Asserted in the Complaint.

The matter before the Court is a residential foreclosure action that Plaintiff initiated in state court based entirely on state law claims. Defendants removed this matter based on federal question jurisdiction in their Answer, Counterclaim and Third Party Complaint pursuant to 28 U.S.C. § 1331 in an attempt to delay the foreclosure. In the pleading attached to the removal petition, Defendants assert meritless claims based on federal law, including claims under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA").

Only a "civil action …founded on a claim arising under the Constitution, treaties or laws of the United States," in other words, federal question jurisdiction, "shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441. Defendants' removal petition ignores the fact there are no federal claims asserted in the Complaint.

"To determine whether a case 'arises under' Federal law, a court must look to the allegations of the plaintiff's 'well-pleaded *complaint*.'" Shapiro v.

Middlesex County Municipal Joint Insurance Fund, 930 F.Supp. 1028, 1031 (D.N.J. 1996)(emphasis added), quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983); accord United Jersey Banks v. Parell, 783 F.2d 360, 365 (3d Cir.), cert. denied sub nom., First Fidelity Bancorporation v. Parell, 476 U.S. 1170 (1986).  "As generally interpreted, 'a right or immunity created by the Constitution or laws of the United States must be an element, *and an essential one,* of the plaintiff's cause of action.'"  Id. quoting Franchise Tax Bd., 463 U.S. at 10-11 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)) (emphasis added); accord Parell, 783 F.2d at 365; New Jersey State AFL-CIO v. New Jersey, 747 F.2d 891, 892 (3d Cir. 1984).

The federal question must appear on the face of the Complaint, and demonstrate that the federal court would have original jurisdiction over the matter. Shapiro, 930 F.Supp. 1031-32, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd., 463 U.S. at 10 (a defendant may not remove a case to Federal court unless the plaintiff's complaint establishes that the case "arises under" Federal law); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14 (1951) ("we look to the plaintiff's pleading, which controls"); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); accord Parell, 783 F.2d at 365.

Defendants' removal is improper because they disregard the fact that the Complaint only asserts state law claims, and that the standard for removal requires the underlying *complaint* to contain a federal claim.  Therefore, regardless of the

- 7 -

allegations in Defendants' responsive pleading, this Court does not have original jurisdiction and the matter should be remanded. Moreover, the Defendants' claims are asserted in nearly every contested foreclosure. Permitting this garden-variety state court foreclosure matter to remain in federal court based on federal defenses would open the federal system to a deluge of litigation from other defendants contesting their foreclosures.

### B. Defendants Cannot Use a Counterclaim to Create Federal Question Jurisdiction.

A federal question appearing in a counterclaim cannot establish federal question jurisdiction. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002) (counterclaim which appears as part of the defendant's answer cannot serve as the basis for federal question jurisdiction). The law is clear: a Counterclaim cannot serve as the basis for federal question jurisdiction. Defendants attempt to misguide the Court by claiming their counterclaims support removal. However, the law clearly prevents a counterclaim from creating a basis for federal question jurisdiction.

On a Motion to Remand, the defendant has the burden of demonstrating the basis for the removal and thus the Court's jurisdiction. Carroll v. United Air Lines, Inc., 7 F.Supp.2d 516, 519 (D.N.J. 1998). Additionally, the law requires that a plaintiff's choice of forum be given deference. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002). Defendants have not and cannot

meet their burden. There is no federal question at issue in this matter and Plaintiff's Motion for Remand should be granted.

### III. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH THIS MOTION TO REMAND.

The remand statute specifically states that "an order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This case warrants an award of attorneys' fees and costs because Defendants had absolutely no basis for removing this action and did so solely as a mechanism for delaying the Foreclosure Action. They therefore acted in bad faith when they attempted to remove this case.

The Supreme Court of the United States has laid out the standard for awarding fees under 28 U.S.C. § 1447(c). Martin v. Franklin Capital Corp, 546 U.S. 132, 141 (2005). In Martin, the Court stated that "the standard for awarding fees should turn on the reasonableness of the removal" and that courts may award fees "where the removing party lacked an objectively reasonable basis for seeking removal." Id. Further, the Court of Appeals for the Third Circuit has approved the award of fees and costs where removal "was, if not frivolous, at best insubstantial." Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).

Here, the removal certainly was not objectively reasonable, but instead was frivolous and completely unjustified. It does not appear that Defendants removed the Foreclosure Action because they truly believed that this Court should, or even

could, take jurisdiction over the case. Instead, this removal constitutes nothing more than a delay tactic.

The removal of this case constitutes an abuse of the removal process and a waste of judicial resources. Further, this baseless and improper removal necessarily caused BNYM to incur additional attorneys' fees and costs associated with filing the present Motion to Remand. The Court should award Plaintiff its attorneys' fees and costs incurred in connection with this Motion to Remand.

## CONCLUSION

Based on the foregoing, Plaintiff BNYM respectfully requests that the Court grant its Motion, remand this matter to the Superior Court of New Jersey, Hudson County, Chancery Division, and award Plaintiff all attorneys' fees and costs incurred in filing this Motion.

**REED SMITH LLP**

By: *s/Laura K. Conroy*
    Laura K. Conroy

Dated: November 22, 2017