UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO ALL PERMITTED SUCCESSORS AND ASSIGNS OF JPMORGAN CHASE BANK, AS TRUSTEE, FOR CERTIFIED SHAREHOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1004-AR1,<br><br>Plaintiff,<br><br>v.<br><br>PETER J. CRESCI; MRS. PETER J. CRESCI, HIS WIFE; JENNIFER L. CRESCI; MR. CRESCI, HER HUSBAND; STATE OF NEW JERSEY,<br><br>Defendants,<br><br>v.<br><br>AMERICA'S SERVICING COMPANY, WELLS FARGO BANK, N.A., MILSTEAD & ASSOCIATES, LLC,<br><br>Third-Party Defendants. | Civil Action No. 17-9508 (KM) (MAH)<br><br><br>REPORT AND RECOMMENDATION |

This matter having come before the Court by way of the motions of Plaintiff The Bank of New York Mellon ("Plaintiff") and Third-Party Defendant Milstead & Associates, LLC to remand the matter to the Superior Court of New Jersey Chancery Division, Hudson County;[1]

---

[1] A decision to remand is dispositive. *See In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998). Accordingly, the Court makes this Report and Recommendation to the Honorable Kevin McNulty, United States District Judge.

and it appearing that Plaintiff originally filed this action in the Superior Court of New Jersey, Hudson County on June 9, 2017, seeking foreclosure of property in New Jersey for failure to satisfy the terms of the mortgage, *see* Complaint, attached to Notice of Removal, D.E. 1-4;

and it further appearing that on October 26, 2017, Defendants removed the matter to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), *see* Notice of Removal, D.E. 1, ¶ 4;[2]

and it further appearing that on November 22, 2017 Plaintiff filed this motion to remand [D.E. 7], and on November 27, 2017 Third-Party Defendant filed its motion to remand [D.E. 8];

and it further appearing that the motions to remand contend that Defendants removed the Complaint beyond the thirty-day time limit under 28 U.S.C. § 1446(b);

and 28 U.S.C. § 1446(b)(1) providing in pertinent part that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant . . . .

---

[2] The Complaint alleges no federal claim, and instead seeks foreclosure of real property under New Jersey law. *See* Complaint, D.E. 1-4, at 8. In the Notice of Removal, Defendants rely on their counterclaims, which allege violations of the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, and Fair Credit Reporting Act, to supply the basis for federal jurisdiction. *See* Notice of Removal, D.E. 1, ¶ 4 ("Removal is proper because plaintiff's suit and Defendants [sic] Counterclaim involve federal questions . . . . Specifically, Defendants [sic] claims arise under the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. and the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq., among other."). Neither party asserts federal jurisdiction based on diversity of citizenship.

It is well settled that "a counterclaim—which appears as part of the defendant's answer, not as part of plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Accordingly, to the extent Defendants oppose remand on the assertion that this Court should exercise § 1331 jurisdiction over the counterclaims, that argument fails. Indeed, although the parties do not specifically move on the basis of lack of federal jurisdiction, it appears that federal jurisdiction does not exist.

28 U.S.C. § 1446(b)(1);[3]

and it being well settled that the thirty-day time limit to remove under § 1446(b) is "'mandatory' and the Court cannot extend it" and that "[f]ailure to remove within the prescribed period requires remand, provided the procedural defect is raised within 30 days of removal[,]" *Ventures Trust 2013 I-H-R- by MCM Capital Partners, LLC v. Pinto,* No. 16-7647, 2017 WL 1251030 at *3 (D.N.J. Mar. 17, 2017) (quoting *Galvanek v. AT&T, Inc.,* No. 07-2759, 2007 WL 3256701 at *2 (D.N.J Nov. 4, 2007));

and it appearing that Defendants were served with the Summons and Complaint on June 15, 2017, and therefore their deadline to remove was July 15, 2017;[4]

---

[3] Defendants argue that the Third-Party Defendant filed its motion to remand beyond the thirty-day limit set forth in 28 U.S.C. § 1447(c). *See* Opp'n Br., D.E. 14, at 3. Section 1447(c) mandates that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." The matter was removed on October 26, 2017 and Third-Party Defendant filed their motion to remand on November 27, 2017, which is thirty-two days after removal.

This argument is without merit. The thirty-day period expired on November 25, 2017, which was a Saturday. Federal Rule of Civil Procedure 6(a)(1)(C) provides that if the last day of a period of time that is stated in days falls on a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Therefore because the end of the thirty days occurred on a Saturday, the deadline to move to remand was extended until Monday, November 27, 2017. Thus, Third-Party Defendant's motion was timely filed. This argument is also insignificant to this Court's conclusion. Even if the Third-Party Defendant had filed its motion out of time under § 1447(c), the Plaintiff filed its motion to remand, raising substantially the same arguments, within the thirty-day time limit. Additionally, as noted in footnote 2, there is a real question as to whether this Court has subject matter jurisdiction over this case.

[4] Both Plaintiff and Third-Party Defendant represent that Defendants were served on June 15, 2017. *See* Entry of Default, Certification of Inquiry, Exh. B to Pl. Motion to Remand, D.E. 7-4 at ¶ 15 ("This office did mail on June 15, 2017, by regular and Certified Mail, return receipt requested, a copy of the Summons, Complaint, and mediation documents to the said defendants at 10149 Cambell Road, Sauquoit, NY 13456."); *see also* Entry of Default, Certification of Inquiry, Exh. A to Third-Party Defendant's Motion to Remand, D.E. 8-5. If so, then Defendants had to remove the Complaint to federal court on or before July 15, 2017. Defendants do not deny that service was effected on June 15, 2017, or otherwise contest service of process.

and it therefore appearing that Defendants filed their Notice of Removal on October 26, 2017, nearly four months after the deadline to remove had passed;

and the Court therefore concluding that Defendants removed this matter outside of the thirty-day time limit required by 28 U.S.C. § 1446(b);

and for good cause shown;

**IT IS ON THIS 7th day of February, 2018,**

**RECOMMENDED** that the District Court grant Plaintiff's motion [D.E. 7] and Third-Party Defendant's motion [D.E. 8] to remand and therefore remand this matter to the Superior Court of New Jersey, Chancery Division, Hudson County.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**