UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., as
successor-in-interest to all
permitted successors and assigns of
JP Morgan Chase Bank, as Trustee
for Certificateholders of Nomura
Asset Acceptance Corporation,
Mortgage Pass-Through Certificates,
Series 2004-AR1,

Civ. No. 2:17-cv-9508-KM-MAH

Plaintiff,

OPINION

vs.

PETER J. CRESCI, JENNIFER L.
CRESCI, THE STATE OF NEW
JERSEY,

Defendants,

vs.

AMERICA'S SERVICING COMPANY,
WELLS FARGO BANK, N.A.,
MILSTEAD & ASSOCIATES, LLC,

Third-Party
Defendants.

### KEVIN MCNULTY, U.S.D.J.:

On February 7, 2018, Magistrate Judge Michael A. Hammer filed a report and recommendation ("R&R," ECF No. 20) that this matter be remanded to the Superior Court of New Jersey, Hudson County, Chancery Division. On

February 21, 2018, defendants Peter and Jennifer Cresci filed a timely objection to the R&R. (ECF No. 21). On March 6, 2018, plaintiff and third-party defendants submitted papers in opposition to that objection. (ECF Nos. 22, 23).

My standard of review is *de novo*.[1] Magistrate Judge Hammer determined that this matter should be remanded to the state court because defendants

---

[1] Under [28 U.S.C. § 636(b)(1)] subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court. *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987)). However, we have held that because a district court must take some action for a report and recommendation to become a final order and because "[t]he authority and the responsibility to make an informed, final determination ... remains with the judge," *Mathews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), even absent objections to the report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report," *Henderson*, 812 F.2d at 878. We have described this level of review as "reasoned consideration." *Id.* If a party fails to object timely to the magistrate judge's report and recommendation, we generally review the district court's order for plain error. *Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011); *Nara*, 488 F.3d at 194. *But see Leyva v. Williams*, 504 F.3d 357, 363-64 (3d Cir. 2007) (applying *de novo* appellate review when a *pro se* litigant did not timely object to a magistrate judge's report and recommendation and the magistrate judge did not "warn[ ] that [the litigant's] failure to object to the Magistrate Judge's report would result in forfeiture of his rights"); *Henderson*, 812 F.2d at 878 n.4 ("[W]hen the district court elects to exercise its power to review a magistrate's report *de novo*, a party's previous failure to object becomes irrelevant.").

*EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017) (internal footnotes omitted).

removed the complaint beyond the thirty-day time limit provided in 28 U.S.C. § 1446(b). Magistrate Judge Hammer also found that this court lacked subject-matter jurisdiction—i.e., that removal was based on federal-question jurisdiction, pursuant to 28 U.S.C. § 1331, but the complaint alleged no federal claim.

Defendants Peter and Jennifer Cresci object, stating that the 30-day deadline to remove did not begin running on June 15, 2017, because they had not been served. (ECF No. 21).[2] They do not address subject-matter jurisdiction. (ECF No. 21).

I make no ruling as to the issue of the 30-day deadline and the adequacy of service. It does not matter. Removal, whether timely or not, was improper.

First, the court thus lacks federal-question jurisdiction. *See* 28 U.S.C. § 1331. The plaintiff asserted two counts in the complaint, both of them based on state law. (ECF No. 1). The complaint does not assert any federal claims. (ECF No. 1; R&R). Defendants assert federal counterclaims, but federal-question jurisdiction cannot be premised on counterclaims. Federal-question jurisdiction must be based on a federal right asserted in the complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). It is well settled that "a counterclaim—which appears as part of the defendant's answer, not as part of plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc.*, 535 U.S. at 831. Federal-question jurisdiction exists "only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Holmes Grp., Inc.*, 535 U.S. at 831 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added)).

Second, the case could not be removed pursuant to the court's diversity jurisdiction, even if the prerequisites of 28 U.S.C. § 1332(a) (complete diversity of citizenship, matter in controversy exceeding $75,000) were met. Based on

---

[2] Defendants Peter and Jennifer Cresci filed their notice of removal on October 26, 2017. (ECF No. 1).

the "home state" exception of 28 U.S.C. § 1441(b)(2), a case is not removable to federal court based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants list their place of residence as Bayonne, New Jersey, (ECF Nos. 1, 21), and this case was initiated in New Jersey state court. There is no allegation or contention that defendants are citizens of any state but New Jersey. Removal based on diversity jurisdiction therefore would not have been proper.

Accordingly, I will adopt the R&R and remand this case to the Superior Court of New Jersey, Hudson County, Chancery Division.

An appropriate order accompanies this opinion.

Dated: March 15, 2018

**KEVIN MCNULTY**
**United States District Judge**